UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LOUIS N. EZENABO,

 Plaintiff,

v.

CUSTOMS AND BORDER
PROTECTION, ET AL.,

 Defendants.
_____/

Case No. 18-cv-13584

UNITED STATES DISTRICT COURT JUDGE
GERSHWIN A. DRAIN

UNITED STATES MAGISTRATE JUDGE
ELIZABETH A. STAFFORD

**OPINION AND ORDER GRANTING DEFENDANTS' MOTION TO DISMISS [#8]**

**I. INTRODUCTION**

Plaintiff Louis Ezenabo, a Nigerian national, filed this Petition for a Writ of Mandamus seeking a court order requiring Immigration and Customs Enforcement ("ICE") to facilitate his return to the United States, so that he can attend his immigration removal proceedings in person. Dkt. No. 1. Defendants move to dismiss Plaintiff's Writ for a lack of subject matter jurisdiction. Dkt. No. 8.

Present before the Court is Defendants' Motion to Dismiss [#8]. The Court will decide the matter on the briefs and without a hearing. *See* E.D. Mich. LR 7.1(f)(2). For the reasons set forth below, the Court will GRANT the Motion [#8].

## II. BACKGROUND

Plaintiff is a Nigerian national who came to the United States in 1999 on an F-1 student visa. Dkt. No. 1, p. 5 (Pg. ID 5). He became a conditional lawful permanent resident on August 23, 2001. *Id.* at p. 6 (Pg. ID 6). After graduating from college, Plaintiff went on to attend Western Michigan University Law School, where he graduated with his Juris Doctor degree. *Id.* at p. 5 (Pg. ID 5). While in the United States, Plaintiff met and married his current wife, who is a United States citizen. *Id.* The couple have three young children, all who reside with Plaintiff's wife in Michigan. *Id.*

On September 29, 2015, Plaintiff was removed from the United States to Nigeria due to the termination of his conditional permanent residency status. *Id.* at pp. 6-7 (Pg. ID 6-7). However, the Board of Immigration Appeals ("BIA") reopened his case on January 4, 2016 based on an I-130 relative petition that Plaintiff's wife filed on his behalf. *Id.* at p. 7; Dkt. No. 12-2. Plaintiff will now have a hearing before the immigration court in Detroit, Michigan on July 16, 2019, at which time the court will consider Plaintiff's application for adjustment of status and determine whether he is removable. *See* Dkt. No. 12-5.

As it stands, Plaintiff cannot enter into the United States to attend his hearing unless he obtains the proper documentation from ICE. Dkt. No. 1, p. 8 (Pg. ID 8). ICE maintains that Plaintiff's physical appearance at the hearing is not

necessary. *Id.* Plaintiff therefore files this Writ of Mandamus seeking a court order requiring ICE to facilitate his return to the United States.

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 12(b)(1) authorizes a party to challenge the court's jurisdiction over the subject matter of a complaint. *See* Fed. R. Civ. P. 12(b)(1). Jurisdictional challenges fall into two categories: (1) facial attacks, and (2) factual attacks. *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994). A facial attack is a challenge to the sufficiency of the pleading, while a factual attack is a challenge to the actual existence of subject matter jurisdiction. *Id.*

When analyzing a facial attack, "the court must take the material allegations of the petition as true and construed in the light most favorable to the nonmoving party." *Id.* In contrast, when considering a factual attack, there is no presumption of truthfulness, "and the court is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Id.*

Ultimately, the plaintiff bears the burden of demonstrating the existence of subject matter jurisdiction. *Moir v. Greater Cleveland Reg'l Transit Auth.*, 895 F.2d 266, 269 (6th Cir. 1990). Where "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the complaint in its entirety." *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006).

## IV. DISCUSSION

Plaintiff asks the Court to declare that Defendants, by not facilitating his return to the United States, have violated the Immigration and Nationality Act ("INA"), the Fifth Amendment's Due Process Clause, and the Administrative Procedure Act ("APA"). Dkt. No. 1, p. 15 (Pg. ID 15). Defendants move to dismiss these claims, arguing Plaintiff fails to identify any statutory authority creating such a duty on their part. Alternatively, that section 242 of the INA, 8 U.S.C. § 1252, divests this Court of jurisdiction over Plaintiff's claims. Ultimately, the Court need not reach Defendants' second argument. The Court agrees that Plaintiff fails to identify any statutory authority imposing a clear duty on Defendants to facilitate his return to the United States. *See Heckler v. Ringer*, 466 U.S. 602, 616 (1984) ("The common-law writ of mandamus, as codified in 28 U.S.C. § 1361, is intended to provide a remedy for a plaintiff only if he has exhausted all other avenues of relief and only if the defendant owes him a clear nondiscretionary duty.").

Plaintiff cites § 1229a(b)(2) of the INA as the authority giving him a statutory right to appear in person at his immigration removal hearing, and consequently, requiring Defendants to facilitate his return to the United States. *See* Dkt. No. 12, p. 11 (Pg. ID 102). However, Plaintiff has misconstrued the statute. Section 1229a(b)(2) provides:

> The [removal] proceeding may take place (i) in person; (ii) where agreed to by the parties, in the absence of the alien; (iii) through video conference; or (iv) subject to subparagraph (B), through telephone conference.

8 U.S.C. § 1229a(b)(2)(A). Courts interpreting § 1229(a)(b)(2) have uniformly held that its language does not create a statutory right to appear in person at a removal proceeding. *See, e.g.*, *Melgar v. Attorney General of the United States*, 442 F. App'x 695, 698 (6th Cir. 2011) ("It is clear from the plain language of the statute that proceedings may be conducted by video conference, and that consent of the alien is only required if the telephone conference is used instead."); *Veliz v. Holder*, 375 F. App'x 148, 149 (2d Cir. 2010) (holding an immigration judge has statutory authority to conduct entire proceedings via video conference); *Vilchez v. Holder*, 682 F.3d 1195, 1199 (9th Cir. 2012) ("The INA expressly authorizes hearings by video conference even without an alien's consent."); *Eke v. Mukasey*, 512 F.3d 372, 382 (7th Cir. 2008) (holding § 1229a specifically authorizes proceedings by means of video conference). Rather, the statute makes clear that an immigration judge has the power to conduct a removal hearing entirely through video conference, even without the individual's consent. *See* 8 U.S.C. § 1229a(b)(2)(A).

Here, Plaintiff has not claimed an inability to participate in his removal hearing via video conference. Nor has he explained why conducting the hearing in this statutorily-prescribed manner violates the Fifth Amendment's Due Process

Clause. *See Vilchez*, 682 F.3d at 1199 ("A due process violation occurs where (1) the proceeding was so fundamentally unfair that the alien was prevented from reasonably presenting his case, and (2) the alien demonstrates prejudice, which means that the outcome of the proceeding may have been affected by the alleged violation.") (quoting *Lacsina Pangilinan v. Holder*, 568 F.3d 708, 709 (9th Cir. 2009)). Hence, Plaintiff fails to identify a violation of the INA or the Fifth Amendment's Due Process Clause, such as would require Defendants to facilitate his return to the United States. *See Banton v. Morton*, 2011 WL 717999, at *4 (E.D. Pa. Feb. 22, 2011) (dismissing writ of mandamus where "Plaintiff . . . identified no authority to support his contention that 8 U.S.C. §§ 1229a(b)(2)(A), 2(B), (3) impose on the government a non-discretionary obligation to return to the United States aliens who are deported before the conclusion of their removal proceedings").[1]

Similarly, because Plaintiff has not identified any statutory duty on the part of Defendants to facilitate his return, he fails to assert an actionable claim under the APA. *See Lincoln v. Vigil*, 508 U.S. 182 (1993) (holding § 701(a)(2) of the APA makes it clear that review is not to be had in those circumstances where the

---

[1] Plaintiff also alleges an interference with the attorney-client relationship, premised on Defendants' refusal to facilitate his return to the United States. But absent any statutory authority requiring Defendants to facilitate his return, Plaintiff does not state a claim upon which relief can be granted. Moreover, Plaintiff acknowledges that he has been able to communicate with his attorney, just not "regularly." *See* Dkt. No. 1, p. 14 (Pg. ID 14).

relevant statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion.).

Finally, to the extent Plaintiff claims Defendants must facilitate his return pursuant to ICE Policy Directive 11061.1 (Facilitating the Return to the United States of Certain Lawfully Removed Aliens), this argument fails for two reasons. First, the Directive explicitly states that it is "not intended to, does not, and may not be relied upon to create any right or benefit, substantive or procedural, enforceable at law by any party in any administrative, civil, or criminal matter." *See* Dkt. No. 8-2, p. 3 (Pg. ID 3). And second, the Directive is inapplicable to the facts of this case. Indeed, it applies only where an individual has prevailed on their petition for review, and if (1) the court's decision restores the alien to lawful permanent resident (LPR) status, or (2) the alien's presence is necessary for continued administrative removal proceedings." *Id.* Neither of those two conditions are triggered here.[2] Accordingly, the Court finds that it lacks jurisdiction to grant Plaintiff the relief he requests. *See Fiallo v. Bell*, 430 U.S.

---

[2] *See* Dkt. No. 8-4, p. 1 (Pg. ID 81) (Frequently Asked Questions on Facilitating Return for Lawfully Removed Aliens) ("If you were not an LPR before being removed, absent extraordinary circumstances ICE will facilitate your return to the United States if your presence is necessary for continued adjudication of your case. This may be because the court of appeals specifically ordered your presence, or because the nature of the court's order requires you to return for further testimony. ICE may explore other options in lieu of facilitating your return, such as arranging for video teleconferencing or telephonic testimony, if appropriate."). As already discussed, Plaintiff does not claim an inability to participate in his removal hearing via video conference.

787, 792 (1977) ("Our cases 'have long recognized the power to expel or exclude aliens as a fundamental sovereign attribute exercised by the Government's political departments largely immune from judicial control.'") (quoting *Shaughnessy v. Mezei*, 345 U.S. 206, 210 (1953)).

### V. CONCLUSION

For the reasons stated herein, the Court will GRANT Defendants' Motion to Dismiss [#8].

IT IS SO ORDERED.

Dated: May 15, 2019

                                        s/Gershwin A. Drain
                                        HON. GERSHWIN A. DRAIN
                                        United States District Court Judge

### CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, May 15, 2019, by electronic and/or ordinary mail.

                                        s/Teresa McGovern
                                        Case Manager